UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIN POWERS,<br><br>                              Plaintiff,<br><br>v.<br><br>ELON MUSK,<br><br>                              Defendant. | Case No.:  26-cv-3339-RSH-BJW<br><br>**ORDER (1) GRANTING MOTION TO AMEND, (2) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND (3) DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>[ECF No. 2] |

On June 1, 2026, plaintiff Christin Powers, proceeding *pro se*, filed this lawsuit against defendant Elon Musk along with a motion to proceed *in forma pauperis* ("IFP").[1] ECF Nos. 1 ("Compl."); 2.

## I.    MOTION TO PROCEED IFP

All parties instituting a civil action, suit, or proceeding in a district court of the

---

[1]    On June 12, 2026, Plaintiff filed a document that appears to further elaborate the claim in her original complaint. *See* ECF No. 3. The Court construes this document as an amended complaint and treats it as Plaintiff's operative pleading.

1

26-cv-3339-RSH-BJW

United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[2] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All persons, not just prisoners, may seek IFP status."); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing an inability to pay the required filing fee. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Here, Plaintiff's IFP application is incomplete because the financial affidavit contains numerous blank entries. Plaintiff has not answered or has only partially answered Questions 1 through 3, 5, 7, and 8 of the IFP application regarding Plaintiff's income, employment history, Plaintiff's assets, expenses, and persons who rely on Plaintiff for support. *Id.* at 1–3. As such, the Court denies Plaintiff's IFP motion as incomplete. The Court denies Plaintiff's IFP application without prejudice to timely refiling as set forth below.

//

//

//

//

---

[2]     In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. See 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/servicesforms/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

26-cv-3339-RSH-BJW

**II.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

 **A.    Legal Standard**

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to sua sponte review and dismissal should the Court determine, inter alia, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In addition to reviewing IFP complaints under § 1915, "[f]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Courts address the issue of subject matter jurisdiction first, as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (alteration in original) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

//

**B.      Discussion**

Plaintiff's amended complaint purports to bring a claim pursuant to 42 U.S.C. § 1983 for violation of her free speech rights under the First Amendment to the U.S. Constitution. *See* ECF No. 3.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (citation omitted). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)). "[A]cting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted).

Here, Plaintiff alleges that she was a candidate for President of the United States and that her "campaign relied on Twitter." ECF No. 3 at 1. She alleges that defendant Elon Musk, "operat[ing] in the White House and with DOGE[,]" deprived her of her First Amendment right of freedom of speech by blocking her phone number from Twitter. *Id.* However, Plaintiff presents no factual allegations that Defendant was acting under the color of state law when he allegedly blocked her phone number. *See Lebron v. National R.R. Passenger Corp.*, 513 U.S. 374, 394 (1995) (concluding plaintiff may not assert his claim for violation of his First Amendment rights under Section 1983 because defendant is a federal actor and not a state actor). The Court concludes that the Complaint is subject to dismissal for failure to state a claim.

To proceed with this action, Plaintiff must do the following within ***thirty (30) days*** of the date of this order: (1) pay the filing fee or file a renewed application to proceed IFP; and (2) file a second amended complaint addressing the deficiencies identified herein. If

26-cv-3339-RSH-BJW

Plaintiff fails to timely comply with the foregoing, the action will be dismissed.

**III.   CONCLUSION**

For the foregoing reasons, the Court:

1.   **DENIES** Plaintiff's motion to proceed IFP [ECF No. 2].

2.   **DISMISSES** the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

3.   **GRANTS** Plaintiff *thirty (30) days* from the date of this order to both: (1) pay the filing fee or file a renewed application to proceed IFP; and (2) file a second amended complaint addressing the deficiencies identified herein.

**IT IS SO ORDERED.**

Dated: June 22, 2026

_____
Hon. Robert S. Huie
United States District Judge

26-cv-3339-RSH-BJW